**Richard SHEA and Antoinette Esteves, as parents and natural guardians of Courtney Shea, Richard Shea and Antoinette Esteves, Plaintiffs,**

v.

**The UNION FREE SCHOOL DISTRICT OF MASSAPEQUA, and the Board of Education of the Union Free School District of Massapequa, Defendants.**

No. 09–cv–2258 (ADS)(AKT).

United States District Court, E.D. New York.

Feb. 5, 2010.

Genevieve Lane LoPresti, Esq., Mineola, NY, for plaintiffs.

Sokoloff Stern LLP, by Steven C. Stern, Esq., Melissa Lauren Holtzer, Esq., of Counsel, Westbury, NY, for Defendants.

SPATT, District Judge.

This case arises out of claims by infant plaintiff Courtney Shea and her parents against the Union Free School District of Massapequa (the "School District"). The plaintiffs assert that Courtney was subjected to persistent mistreatment over the course of at least seven years while a student at three different schools within the School District, and that the defendants willfully attempted to preclude Courtney from proper classification under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 ("IDEA"). The plaintiffs originally filed this case in New York State Supreme Court, Nassau County, and the defendants removed the case to this Court. The plaintiffs now move to remand the case back to state court. The defendants oppose the plaintiffs' motion to remand, and separately move for sanctions under Fed.R.Civ.P. 11. For the reasons set forth below, the Court denies both motions.

## I. INTRODUCTION

Plaintiff Courtney Shea, through and with her parents, Richard Shea and Antoinette Esteves, served and filed a complaint in New York Supreme Court, Nassau County, on May 17, 2009, alleging mistreatment of Courtney by the defendant School District and its Board of Education. At the time of the filing, Courtney (who has now reached majority and legally changed her name to Mikhail Ann Keehl) was a student living with her parents within the geographic area served by the School District. The plaintiffs allege that, from approximately 2003, the defendants have negligently and grossly negligently permitted Courtney to be pervasively bullied within the School District's schools. The plaintiffs also allege that Courtney developed an emotional disability as the result of this mistreatment, and that the School District attempted to prevent Courtney from receiving the educational accommodations commensurate with her disability.

On May 28, 2009, the defendants timely filed a Notice of Removal in the Federal District Court for the Eastern District of New York, removing the plaintiffs' case to this Court on federal question grounds. On June 29, 2009, the plaintiffs filed a motion for remand, asserting that removal was improper because no significant federal claims had been asserted. The defendants opposed this motion, stating that the complaint contained claims under 42 U.S.C. § 1983; the Fourteenth Amendment; the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.;* and the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). The defendants also moved for sanctions against the plaintiffs' attorney based on the substance of the complaint in this action and the plaintiffs' motion to remand.

## II. DISCUSSION

### A. As to the Plaintiffs' Motion for Remand

The notice of removal filed by the defendants states that the Court has subject matter jurisdiction over the present

case pursuant to 28 U.S.C. § 1331, because the plaintiffs' complaint raises federal questions. In this regard, the defendants maintain that the plaintiffs have asserted claims under Section 1983, the Fourteenth Amendment, the IDEA, and the FOIA. By contrast, the plaintiffs argue that "there are no articulated federal questions raised in the action," and that removal was therefore improper. (Mem. L. Mot. to Remand at 4.)

Pursuant to 28 U.S.C. § 1441, a defendant may remove a state court action to federal court where the federal court would have had original jurisdiction over the action. Included in the causes over which Federal District Courts have subject matter jurisdiction are causes of action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. A federal court may decline to exercise supplemental jurisdiction over a related state law claim only if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.*

Here, the plaintiffs never directly state the nature of their causes of action. Nevertheless, the Court finds that at least some of the plaintiffs' claims "arise under the Constitution [or] laws ... of the United States." First, as part of their "Fourth Cause of Action," the plaintiffs allege that:

91. Plaintiff has suffered and will continue to suffer pain, suffering, consternation, and emotional distress *over the deprivation of her constitutionally protected right* and statutory right to an education free and clear of the above deprivations, over the disruption of the plaintiff's high school career, over the negative effect on the plaintiff's high school record, and the explanation as to the reason she did not graduate with the class and attend regular schooling.

The actions of the defendants impeded and hindered the course of justice *with the intent to deny the plaintiff the equal protection of the laws, due process [sic] in violation of the Fourteenth Amendment,* and other applicable laws and statutes.

(Compl., ¶¶ 91–92 (emphasis added).) At this juncture, the Court does not address whether these allegations state a valid cause of action. However, the Court finds that this reference to the Fourteenth Amendment implicates federal law for jurisdictional purposes. The plaintiffs appear to assert a claim for damages for violations of Courtney's Fourteenth Amendment rights. Also, although the plaintiffs fail to invoke the relevant statute by name, 42 U.S.C. § 1983 provides an avenue by which a party may sue for damages on this theory. Under the notice pleading standards, the Court thus construes the plaintiffs' complaint as asserting this cause of action for jurisdictional purposes. As this claim is based on a federal statute and the United States Constitution, the Court has subject matter jurisdiction over the putative claims.

Second, the plaintiffs assert that the defendants failed to properly facilitate Court-

ney's classification as "disabled" under the IDEA. The plaintiffs allege that:

Since in or about 2007, the DISTRICT and BOARD knowingly prevented the child from becoming eligible for the benefits of the Individual with Disabilities Education Act from May 2006 until September 2007 when the New York State Education Department Review Officer ordered that she be classified as eligible for IDEA and found no merit whatsoever for the School District's actions. They prevented eligibility not because of any sound belief that the child was ineligible but because they determined that eligibility for IDEA with a classification of emotional disturbance because of the bullying would make this lawsuit more difficult to defend. The child's education and health were put in peril as a result of this action.

(Compl., ¶ 22, subpara. 3.)

At this time, without delving into the viability of this cause of action, the plaintiffs' allegations directly raise the implication that the defendants failed to comply with the provisions of the IDEA. To be sure, states are charged with the implementation of the IDEA, and the plaintiffs appear to challenge the defendants' compliance with state, not federal, procedural mechanisms. Nevertheless, the IDEA is the original source of many of the substantive and procedural rights that children and parents enjoy in the state-implemented system. *See, e.g., Schaffer ex rel. Schaffer v. Weast,* 546 U.S. 49, 126 S.Ct. 528, 163 L.Ed.2d 387 (2005) (describing the basic requirements the IDEA imposes on participating states). Here, the plaintiffs' general allegation that the defendants prevented Courtney from proper classification under the IDEA gives rise to questions related to the IDEA's federal guarantee of rights. This is a federal question over which the Court has subject matter jurisdiction.

Finally, the plaintiff states that:
the DISTRICT and the BOARD personnel have failed to reply to several Freedom of Information Act requests on or about September 2007 concerning the apparent actions [described elsewhere in the complaint] in an apparent attempt to hide the truth.

(Compl., ¶ 22, subpara. 6.) Again, the Court does not pass on whether the plaintiffs have here stated a valid cause of action. However, the plaintiffs are asserting that the defendants have violated the FOIA, a federal statute. While this claim is not central to the plaintiffs' complaint, it does raise a federal question, and is an additional basis for the Court's subject matter jurisdiction over the case.

The plaintiffs argue that remand is nonetheless proper because their state law claims—which the Court interprets to be negligence, gross negligence, and intentional infliction of emotional distress—predominate in the complaint. However, the Court notes that the alleged actions of the defendants that underlie these state law tort claims are the same as the alleged actions that underlie the plaintiffs' Section 1983 claim. Therefore, the Court cannot conclude that one category of claim predominates over the other. Moreover, a number of the actions on which both the state and federal causes of action rest involve the defendants' actions during the IDEA evaluation process. As discussed above, this also implicates federal law. Therefore, the Court finds that the plaintiffs' argument that the state law claims predominate over the present action is without merit.

Finally, the plaintiffs argue that the defendants' notice of removal was not timely or procedurally proper. However, as the plaintiffs served the complaint on the de-

fendants on May 17, 2009 and they filed their notice of removal on May 28, 2009, the plaintiffs' timeliness argument is also without merit. 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ..."). Further, the plaintiffs have made no showing that the removal procedure followed by the defendants was improper, so that argument is also unavailing.

The Court therefore denies in its entirety the plaintiffs' motion to remand.

### B. As to the Defendants' Motion for Rule 11 Sanctions

■ The defendants have moved for sanctions against the plaintiffs' attorney, Genevieve LoPresti, Esq., pursuant to Fed.R.Civ.P. 11. The plaintiffs assert that sanctions are appropriate because certain allegations in the plaintiffs' complaint are patently unsupported by fact, and because, in their view, the plaintiffs' motion for remand was frivolous. The Court disagrees.

■ Fed.R.Civ.P. 11 provides that the Court may sanction an attorney who fails to properly inquire into the factual basis for asserted claims or who files frivolous or harassing litigation or motions. *See, e.g.,* *Storey v. Cello Holdings, L.L.C.,* 347 F.3d 370, 387 (2d Cir.2003). In general, "the standard for triggering the award of fees under Rule 11 is objective unreasonableness." *Margo v. Weiss,* 213 F.3d 55, 65 (2d Cir.2000). However, the Second Circuit has cautioned that Rule 11 sanctions should be "made with restraint." *Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d 323, 333 (2d Cir.1999).

Here, as stated above, there may be some concern about the validity of certain of the causes of action asserted by the plaintiffs. Nevertheless, the Court declines to levy sanctions on the plaintiffs' counsel on this ground. The Court further finds that the plaintiffs have presented non-frivolous arguments in their motion to remand, and, therefore, declines to impose sanctions on that ground. Accordingly, the Court denies the defendants' motion for sanctions under Rule 11 in its entirety.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' motion to remand is denied, and it is further **ORDERED** that the defendants' motion for sanctions pursuant to Fed.R.Civ.P. 11 is denied; and it is further

**ORDERED** that the parties are to appear by telephone before United States Magistrate Judge A. Kathleen Tomlinson on February 18, 2010 at 3:00p.m. for a discovery conference. The defendants are directed to initiate the call into Judge Tomlinson's chambers.

**SO ORDERED.**